IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LADONNA V.,[1]<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:20-cv-01146-IM<br><br>**OPINION AND ORDER** |

Kevin Kerr, Kerr Robichaux & Carroll, P.O. Box 14490, Portland, Oregon 97293. Attorney for Plaintiff.

Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge**

      Plaintiff, Ladonna V., seeks review of a final decision of the Commissioner of Social

Security ("Commissioner") denying her application for Title XVI Supplemental Security Income

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

("SSI") benefits under the Social Security Act. For the following reasons, this Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quotation marks omitted) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation marks omitted) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). This Court may not substitute its judgment for that of the Commissioner. *Id*. at 1196. "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). However, a reviewing court may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born on October 2, 1977. AR 111. Plaintiff has a GED. AR 108. Plaintiff previously protectively filed an application for SSI on August 23, 2011. AR 97. Her claim was denied initially on February 3, 2012 and upon reconsideration on June 22, 2012. *Id*. Subsequently, on December 12, 2013, Administrative Law Judge ("ALJ") Riley J. Atkins found that Plaintiff was not disabled under the Social Security Act. *Id*.; AR 76–78. In the instant case, Plaintiff protectively filed for SSI on September 8, 2016, alleging disability beginning on January 1, 2016. AR 97. On May 20, 2019, ALJ Elizabeth Watson found that Plaintiff was not disabled under the Social Security Act. AR 21–22. On May 11, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6.

### B. The Sequential Analysis

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011) (citing 20 C.F.R. §§ 404.1520); *see also Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay

or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing a substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform her "past relevant work" with this RFC assessment? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

PAGE 4 – OPINION AND ORDER

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

At the first step of the disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 8, 2016, the date of her application. AR 15.

At step two, the ALJ found the following severe impairments: anxiety; depression; posttraumatic stress disorder; personality disorder; dependent personality; thoracic spine compression fracture; and left heelbone fracture. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Instead, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) except: "[Plaintiff] is limited to understanding and carrying out simple instructions [and] is limited to no contact with the general public and no more than occasional contact with coworkers and supervisors." AR 17.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 20.

PAGE 5 – OPINION AND ORDER

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC. The ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform. AR 21. These jobs included small products assembler (DOT 706.687-010), assembler, electronic accessories (DOT 729.687-010), and routing clerk (DOT 222.687-022). *Id.* As a result, the ALJ found Plaintiff not disabled. *Id.*

## DISCUSSION

Plaintiff seeks review of the determination by the ALJ that she was not disabled. Plaintiff argues that the ALJ erred in improperly discounting medical opinion evidence from Tom Dooley, Psy.D., without specific and legitimate reasons supported by substantial evidence. ECF 10 at 3–7. Plaintiff then argues that this Court should remand for an award of benefits under the "credit as true" rule. *Id.* at 7–8. Plaintiff's argument is addressed below.

### A.  Evaluation of Medical or Other Opinion Evidence[2]

#### 1.  Legal Standards

An ALJ must consider, evaluate, and explain the weight given to the opinions of medical professionals and others who saw the Plaintiff or reviewed her records in a professional capacity. 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 416.927(b), (d)–(e); SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Plaintiff contends that the ALJ erred in evaluating the opinion of Dr. Dooley. ECF 10 at 3–8.

The Ninth Circuit distinguishes between three types of medical opinions: those from treating sources, those from examining sources, and those from non-examining sources. The

---

[2] Newly promulgated regulations changed how an ALJ must weigh medical opinion evidence for claims filed on or after March 27, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (January 18, 2017). Because Plaintiff's claim was filed on September 8, 2016, the new regulations do not apply to her case.

opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). A treating or examining physician's report that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). If, however, a treating or examining physician's opinion is contradicted by the opinion of another physician, the ALJ must provide only "specific, legitimate reasons" for discrediting the treating physician's opinion. *Id.*; *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can comply with this mandate by providing a detailed and thorough summary of the facts and conflicting clinical evidence, stating his or her interpretation thereof, and making findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, or inconsistency with a claimant's activities of daily living. *Id.* at 1040–41.

   **2. Analysis**

   **a. Tom Dooley, Psy.D. – Examining Psychologist**

Plaintiff challenges the ALJ's decision to afford "partial weight" to the opinion of Dr. Dooley, who completed a consultative psychological examination of Plaintiff on March 18, 2019. ECF 10 at 4–5; AR 687–96.

First, Dr. Dooley opined that Plaintiff had mild to marked limitations in her ability to understand, remember, and carry out instructions and to make simple, work-related decisions. AR 687. The ALJ stated that this opinion was "consistent with her work history and performance in mental status testing." AR 20; *see* AR 692. Second, Dr. Dooley opined that Plaintiff had marked to extreme limitations in her ability to interact appropriately with the public and co-workers and supervisors, and to respond appropriately to work situations. AR 688. The ALJ

PAGE 7 – OPINION AND ORDER

discounted this opinion. *See* AR 20. Dr. Dooley offered a more severe opinion than the state agency consultant who opined that Plaintiff had no difficulties maintaining social functioning and no social interaction limitations. *See* AR 103; AR 107. Thus, Dr. Dooley's opinion was contradicted and the ALJ could appropriately discount Dr. Dooley's opinion by offering specific, legitimate reasons supported by substantial evidence from the record. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (holding that a treating physician's opinion, which was contradicted by two non-examining physicians, could be rejected by ALJ based on "specific and legitimate reasons"). Here, the ALJ gave specific, legitimate reasons for discounting Dr. Dooley's opinion.

The ALJ found that Dr. Dooley's opinion that Plaintiff "is markedly or extremely limited in her ability to interact with others" was inconsistent with the record. Therefore, "no more than a moderate limit is reasonable." AR 19–20. An ALJ may properly discount an opinion that conflicts with the overall record. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Ford*, 950 F.3d at 1154–55.

The ALJ found that Dr. Dooley's opinion was "inconsistent with [Plaintiff's] work history" and her "ability to . . . engage with others on a superficial basis." AR 19–20. As support, the ALJ cited "in particular [Plaintiff's] two seasons working at Fujifilm." *Id*. Specifically, the ALJ noted that despite "increased depressive symptoms," Plaintiff "continued to work," which "suggest[s] an ability to perform at least simple tasks and interact at least occasionally with coworkers and supervisors." AR 18–19; *see* AR 611 (noting increased symptoms but Plaintiff's report that "she looks forward to work at Fujifilm."). Similarly, the ALJ, citing Plaintiff's experience "working as a Kirby vacuum cleaner salesperson," stated that "it is notable that she was working at the time despite her symptomatic complaints." AR 18; *see* AR 654–58. Moreover, the ALJ noted that although Plaintiff reported planning to quit this salesperson

PAGE 8 – OPINION AND ORDER

position, the reasons appeared largely due to "an unstable workplace" rather than related to any mental health symptoms. AR 18; *see* AR 654–55 (referencing "being yelled at by her boss, her boss not showing up to two scheduled orientations," and not being told certain documentation was necessary to be paid); *see also* AR 616 (noting transition between two food service positions without reference to severe interpersonal conflict); AR 631 (noting Plaintiff was offered a full-time position and had been able to regularly attend work). Although Plaintiff told the ALJ she "couldn't get along with [her] co-workers," AR 34, and the record contains some evidence of Plaintiff reporting conflict with co-workers, *see, e.g.*, AR 557, the ALJ reasonably determined that Plaintiff's treatment records and work history as a whole suggested some ability to work with others and therefore conflicted with Dr. Dooley's assessment.

Next, the ALJ found that Dr. Dooley's opinion was "inconsistent with [Plaintiff's] . . . treatment history as well as her long-term relationship history," concluding that Plaintiff is "able to get along with others when she deems it necessary." AR 20. Specifically, the ALJ pointed to Plaintiff's treatment history in which she cited a favorite therapist. AR 16; *see* AR 600. Additionally, the ALJ pointed to Plaintiff's assertions that she "has two friends that she can talk to." AR 16; *see* AR 692; *see also* AR 560 (stating that Plaintiff described herself as "a people person"); AR 379 (stating Plaintiff enjoys spending time with her fiancé's family). The ALJ also cited Plaintiff's long-term relationship, which had lasted more than a decade. AR 16, 20; *see* AR 562 (reporting, in 2017, that Plaintiff had been dating her current partner for ten years).

Finally, the ALJ cited evidence that "despite the availability of treatment that has been proven to result in medical improvement and increased function . . . [Plaintiff] has elected to not engage in these treatments on a regular basis" and that such behavior "does not appear[ ] to be a consequence of her mental health symptoms but rather a specific choice on [her] part." AR 19;

PAGE 9 – OPINION AND ORDER

*see also* AR 618 (stating only reason Plaintiff engaged in counseling was to get SSI benefits); AR 680 ("[Plaintiff] denied any engagement in healthy means of coping that have been learned in therapy session."); AR 645–651 (noting failures to attend therapy sessions).

The limited weight given to Dr. Dooley's opinion is properly supported by the conflict between his assessment and other record evidence.³ *See Ford*, 950 F.3d at 1154–56. Therefore, the ALJ's assessment of Dr. Dooley's opinion was proper, based on findings supported by substantial evidence, and free of harmful legal error. While Plaintiff disagrees with the ALJ's analysis, the findings were reasonable, and this Court must uphold the ALJ's reasonable conclusion "[w]here evidence is susceptible to more than one rational interpretation." *Burch*, 400 F.3d at 679; *see also Batson*, 359 F.3d at 1193, 1196. This Court may not substitute its judgement for that of the Commissioner. *Batson*, 359 F.3d at 1193, 1196.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 12th day of August, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

³ Plaintiff appears to suggest that the ALJ failed to acknowledge Dr. Dooley's opinion as to Plaintiff's moderate limitation to make judgments on simple work-related decisions. ECF 10 at 5. However, Plaintiff fails to develop this argument; it is mentioned in one sentence and the remainder of her briefing focuses only on the rejection of Dr. Dooley's other opinion. Therefore, the Court need not consider this argument. *See Smith v. Berryhill*, No. 5:18-CV-00178-MAA, 2018 WL 4998125, at *3 n.2 (C.D. Cal. Oct. 12, 2018) (citing *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)). To the extent she does raise the issue, this Court finds that the ALJ did not err by failing to acknowledge Dr. Dooley's opinion. Dr. Dooley found that Plaintiff's ability to make judgments on simple work-related decisions was "fair" (moderate). AR 700. The ALJ acknowledged and credited this opinion, explaining it was supported by evidence in the record which indicated her "ability to perform simple tasks" and was "consistent with her work history and performance in mental status testing." AR 19–20.